UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHANDA BROWN<br>    Plaintiff | *    CIVIL ACTION NO.: 2:23-cv-05620<br>*<br>* |
| VERSUS | *    JUDGE: JAY C. ZAINEY<br>* |
| WESTERN WORLD INSURANCE<br>COMPANY<br>    Defendant | *<br>*    MAGISTRATE: JANIS VAN MEERVELD<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## WESTERN WORLD INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S PETITION

NOW INTO COURT, through undersigned counsel, comes Defendant, Western World Insurance Company ("Western World"), to file its Answer and Affirmative Defenses in Response to the Petition filed by Lashanda Brown ("Plaintiff") as follows:

1.

The allegations of Paragraph 1 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

2.

In response to the allegations of Paragraph 2 of Plaintiff's Petition, Western World admits that it is domiciled outside of Louisiana and can be served by the secretary of state. The remaining allegations of Paragraph 2 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

3.

The allegations of Paragraph 3 of Plaintiff's Petition are no longer applicable in light of removal of the case to this Court.

4.

The allegations of Paragraph 4 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

5.

In response to the allegations of Paragraph 5 of Plaintiff's Petition, Western World admits that it issued policy number WHO8031260 (the "Policy") to the Plaintiff and avers that it is a written instrument that is the best evidence of its contents and pleads the terms, conditions, limitations, and exclusions of the Policy as if copied *in extenso*. The remaining allegations of Paragraph 5 of Plaintiff's Petition are denied.

6.

In response to the allegations of Paragraph 6 of Plaintiff's Petition, Western World admits that Hurricane Ida made landfall in south Louisiana as a Category 4 storm. The remaining allegations of Paragraph 6 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

7.

In response to the allegations of Paragraph 7 of Plaintiff's Petition, Western World admits that the insured property was damaged by Hurricane Ida and avers that it fully and timely compensated Plaintiff for all undisputed amounts. All other allegations of Paragraph 7 of Plaintiff's Petition are denied.

8.

In response to the allegations of Paragraph 8 of Plaintiff's Petition, Western World admits that the insured property was damaged by Hurricane Ida and avers that it fully and timely

compensated Plaintiff for all undisputed amounts. All other allegations of Paragraph 7 of Plaintiff's Petition are denied.

9.

In response to the allegations of Paragraph 9 of Plaintiff's Petition, Western World admits that Plaintiff report a claim associated with Hurricane Ida and that the claim was assigned number 169295. The remaining allegations of Paragraph 9 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

10.

In response to the allegations of Paragraph 10 of Plaintiff's Petition, Western World admits that the property was inspected and that an estimate was prepared. Western World avers that the estimate is a written instrument that is the best evidence of its contents. All other allegations of Paragraph 10 of Plaintiff's Petition are denied.

11.

The allegations of Paragraph 11 of Plaintiff's Petition are denied.

12.

The allegations of Paragraph 12 of Plaintiff's Petition are denied.

13.

The allegations of Paragraph 13 of Plaintiff's Petition are denied.

14.

The allegations of Paragraph 14 of Plaintiff's Petition are denied.

15.

The allegations of Paragraph 15 of Plaintiff's Petition are denied.

16.

The allegations of Paragraph 16 of Plaintiff's Petition are denied; Western World further avers that that it fully and timely compensated Plaintiff for all undisputed amounts.

17.

The allegations of Paragraph 17 of Plaintiff's Petition are denied.

18.

The allegations in Paragraph 18 of Plaintiff's Petition, including, but not limited to, subparts a-f, are denied.

19.

The allegations of Paragraph 19 of Plaintiff's Petition are denied.

20.

The allegations of Paragraph 20 of Plaintiff's Petition are denied.

21.

The allegations of Paragraph 21 of Plaintiff's Petition are denied.

22.

The allegations of Paragraph 22 of Plaintiff's Petition are denied.

23.

In response to the allegations of Paragraph 23 of Plaintiff's Petition, Western World re-urges its response to the allegations of Paragraphs 1 through 22. To the extent any further response is required, the allegations of Paragraph 23 of Plaintiff's petition are denied.

24.

The allegations of Paragraph 24 of Plaintiff's Petition are denied.

25.

Western World admits that Plaintiff is the named insured under the Policy, which was in effect from April 13, 2021 to April 13, 2022, and avers that it is a written instrument that is the best evidence of its contents and pleads the terms, conditions, limitations, and exclusions, which are pled herein as if copied *in extenso*. To the extent further response is required, the allegations are denied.

26.

The allegations of Paragraph 26 of Plaintiff's Petition, including but not limited to, subparts a-f, are denied.

27.

The allegations of Paragraph 27 of Plaintiff's Petition are denied.

28.

In response to the allegations of Paragraph 28 of Plaintiff's Petition, Western World re-urges its response to the allegations of Paragraphs 1 through 27. To the extent any further response is required, the allegations of Paragraph 28 of Plaintiff's petition are denied.

29.

The allegations of Paragraph 29 of Plaintiff's Petition are denied.

30.

The allegations of Paragraph 30 of Plaintiff's Petition state a conclusion and do not require a response from Western World. Western World denies that it has breached and provision of La. Rev. Stat. §22:1973.

31.

The allegations of Paragraph 31 of Plaintiff's Petition state a conclusion and do not require a response from Western World. Western World denies that it has breached and provision of La. Rev. Stat. §22:1973.

32.

The allegations of Paragraph 30 of Plaintiff's Petition state a conclusion and do not require a response from Western World. Western World denies that it has breached and provision of La. Rev. Stat. §22:1892.

33.

The allegations of Paragraph 33 of Plaintiff's Petition are denied.

34.

The allegations of Paragraph 34 of Plaintiff's Petition are denied.

35.

The allegations of Paragraph 35 of Plaintiff's Petition, including but not limited to, subparts a-g, are denied.

36.

The allegations of Paragraph 36 of Plaintiff's Petition are denied.

37.

The allegations of Paragraph 37 of Plaintiff's Petition are denied.

38.

In response to the allegations of Paragraph 38 of Plaintiff's Petition, Western World re-urges its response to the allegations of Paragraphs 1 through 37. To the extent any further response is required, the allegations of Paragraph 38 of Plaintiff's petition are denied.

39.

The allegations of Paragraph 39 of Plaintiff's Petition, including, but not limited to, subparts a-c, are denied.

40.

The allegations of Paragraph 40 of Plaintiff's Petition, including, but not limited to, subparts a-j, are denied.

41.

The allegations of Paragraph 41 of Plaintiff's Petition do not require a response from Western World.

42.

The allegations contained in the Prayer for Relief in Plaintiff's Petition require no response. To the extent a response is required, the allegations are denied.

43.

Any unnumbered paragraph or paragraphs of Plaintiff's Petition to which Western World has not responded are denied.

**AFFIRMATIVE DEFENSES**

AND NOW FURTHER ANSWERING, Western World asserts the following affirmative defenses in response to Plaintiff's Petition:

**FIRST DEFENSE**

Plaintiff's Petition fails to state a claim against Western World.

**SECOND DEFENSE**

Western World's obligations to Plaintiff are subject to the terms, conditions, exclusions, and limitations of the Policy. Western World refers to and incorporates herein by reference the

terms, conditions, exclusions, and limitations of the Policy and avers that the Policy is a written instrument that speaks for itself and is the best evidence of its contents.

### THIRD DEFENSE

Plaintiff's claims are barred or limited to the extent that Plaintiff has failed to satisfy conditions precedent and subsequent to the existence of insurance coverage under the Policy, including, but not limited to, the failure to cooperate in the adjustment, investigation, and settlement of the claim as required by the Policy.

### FOURTH DEFENSE

Coverage under the Policy that is at issue in this case is subject to certain limits and sub-limits of liability. To the extent that any of these limits or sub-limits have been exhausted or reduced through the payment of claims or by other means, Western World has discharged and/or reduced its obligations under the Policy and owes no further duty to Plaintiff.

### FIFTH DEFENSE

Coverage under the Policy at issue in this case applies in excess of the applicable deductible that is particularly defined in the terms of the Policy. To the extent that the value of the damage to the insured property does not exceed the deductible applicable to a particular loss, or, to the extent that Plaintiff has not yet met the deductible for a particular loss, Western World does not have an obligation to pay any portion of the claim that falls within the deductible.

### SIXTH DEFENSE

Western World has timely paid all undisputed damages.

### SEVENTH DEFENSE

Western World has satisfied all duties and obligations under the Policy.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been compensated for her alleged loss.

## NINTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage provided by the Policy to the extent that the claims are for loss or damage to property that is not specifically identified by the Policy as covered in the declarations or Section I – Property Coverages, Section A – Dwelling, Section B – Other Structures, Section C – Personal Property, or Section D – Loss of Use.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent that the Plaintiff's claims for Additional Living Expenses are not for a necessary increase in living expenses incurred because a covered loss caused the insured property to be not fit to live in, as required by the Policy:

> **1. Additional Living Expense**
> If a loss covered under Section I makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.
>
> Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

## ELEVENTH DEFENSE

Plaintiff's claims are barred or limited to the extent that the Plaintiff's claims for Additional Living Expenses are not for a necessary increase in living expenses incurred because a civil authority prohibited Plaintiff from using the insured property as a result of direct damage to neighboring premises by a covered loss:

> **3. Civil Authority Prohibits Use**

> If a civil authority prohibits you from use of the "residence premises" as a result of direct damage to neighboring premises by a Peril Insured Against, we cover the loss as provided in **1.** Additional Living Expense . . .

## TWELFTH DEFENSE

To the extent that Plaintiff's claims are for expenses for tree removal, these claims are barred or limited to the extent that the trees did not damage a covered structure or block a driveway or ramp:

> **E. Additional Coverages**
> **1. Debris Removal** . . .
>
> **b.** We will also pay your reasonable expense, up to $1,000, for the removal from the "residence premises" of:
> **(1)** Your trees felled by the peril of Windstorm or Hail or Weight of Ice, Snow or Sleet; or
> **(2)** A neighbor's trees felled by a Peril Insured Against under Coverage **C;**
> provided the trees:
> **(3)** Damage a covered structure; or
> **(4)** Do not damage a covered structure, but:
> **(a)** Block a driveway on the "residence premises" which prevents a "motor vehicle", that is registered for use on public roads or property, from entering or leaving the "residence premises"; or
> **(b)** Block a ramp or other fixture designed to assist a handicapped person to enter or leave the dwelling building.
>
> The $1,000 limit is the most we will pay in any one loss, regardless of the number of fallen trees. No more than $500 of this limit will be paid for the removal of any one tree.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent that the following coverage limitation is applicable:

> **2.** We do not insure, however, for loss: . . .
> **c.** Caused by: . . .
> **(6)** Any of the following:
>     **(a)** Wear and tear, marring, deterioration;
>     **(b)** Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;

    **(d)** Smog, rust or other corrosion, or dry rot;
    **(e)** Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;
    **(f)** Birds, rodents or insects;
    **(8)** Nesting or infestation, or discharge or release of waste products or secretions, by any animals; . . . .

## **FOURTEENTH DEFENSE**

To the extent the Plaintiff's claims result from "Water" as defined in the Policy, the claims against Western World fall outside the scope of coverage because the Water Exclusion operates to exclude coverage. In relevant part, the Exclusion provides:

> **SECTION I – EXCLUSIONS**
> **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area. . . .
> **3. Water**
> This means:
> **a.** Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;
> **b.** Water which:
>     **(1)** Backs up through sewers or drains; or
>     **(2)** Overflows or is otherwise discharged from a sump, sump pump or related equipment;
> **c.** Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or
> **d.** Waterborne material carried or otherwise moved by any of the water referred to in **A.3.a.** through **A.3.c.** of this Exclusion.
> This Exclusion **(A.3.)** applies regardless of whether any of the above, in **A.3.a.** through **A.3.d.**, is caused by an act of nature or is otherwise caused.
> This Exclusion **(A.3.)** applies to, but is not limited to, escape, overflow or discharge, for any reason, of water or waterborne material from a dam, levee, seawall or any other boundary or containment system.
>
> However, direct loss by fire, explosion or theft resulting from any of the above, in **A.3.a.** through **A.3.d.**, is covered.

**FIFTEENTH DEFENSE**

To the extent the Plaintiff's claims are for loss or damage due to "Earth Movement" as defined in the Policy, the claims against Western World fall outside the scope of coverage because the Earth Movement Exclusion operates to exclude coverage. In relevant part, the Exclusion provides:

> **SECTION I – EXCLUSIONS**
> **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area. . . .
> **2. Earth Movement**
> Earth Movement means:
> **a.** Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
> **b.** Landslide, mudslide or mudflow;
> **c.** Subsidence or sinkhole; or
> **d.** Any other earth movement including earth sinking, rising or shifting.
>
> This Exclusion **A.2.** applies regardless of whether any of the above, in **A.2.a.** through **A.2.d.**, is caused by an act of nature or is otherwise caused.
> However, direct loss by fire, explosion or theft resulting from any of the above, in **A.2.a.** through **A.2.d.,** is covered.

**SIXTEENTH DEFENSE**

To the extent the Plaintiff's claims result from neglect of the Plaintiff to use all reasonable means to save and preserve property at and after the time of loss, the claims against Western World fall outside the scope of coverage because the Policy excludes coverage by operation of the Neglect Exclusion, which provides:

> **SECTION I – EXCLUSIONS**
> **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area. . . .
> **5. Neglect**

Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

### SEVENTEENTH DEFENSE

To the extent the Plaintiff's claims result from faulty, inadequate, or defective planning, zoning, development, surveying, siting; design specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance, the claims against Western World fall outside the scope of coverage because the Policy excludes coverage by operation of the Faulty, Inadequate or Defective Planning Exclusion, which provides:

> **3.** Faulty, inadequate or defective:
> **a.** Planning, zoning, development, surveying, siting;
> **b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> **c.** Materials used in repair, construction, renovation or remodeling; or
> **d.** Maintenance;
>
> of part or all of any property whether on or off the "residence premises".

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent that the following exclusion is applicable:

> **8. Intentional Loss**
> Intentional Loss means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.
>
> In the event of such a loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

### NINETEENTH DEFENSE

Coverage may be limited or unavailable under the Policy to the extent that Plaintiff or her agent intentionally concealed or misrepresented any material fact or circumstance; engaged in fraudulent conduct; or made false statements, either before or after a loss.

## TWENTIETH DEFENSE

To the extent that Plaintiff's claims are for damages to tree, shrubs, plants, or lawns, Plaintiff's claims are barred or limited to the extent that the loss was not caused by a specifically listed peril according to the following provision:

> **3. Trees, Shrubs And Other Plants**
> We cover trees, shrubs, plants or lawns, on the "residence premises", for loss caused by the following Perils Insured Against:
> **a.** Fire or Lightning;
> **b.** Explosion;
> **c.** Riot or Civil Commotion;
> **d.** Aircraft;
> **e.** Vehicles not owned or operated by a resident of the "residence premises";
> **f.** Vandalism or Malicious Mischief; or
> **g.** Theft.

## TWENTY-FIRST DEFENSE

In the case of a loss which may be covered by the Policy, the Policy provides, in pertinent part, that Plaintiff must:

> **1.** Give prompt notice to [Western World] or [Western World's] agent;
> \* \* \*
> **4.** Protect the property from further damage. If repairs to the property are required, [Plaintiff] must:
> **a.** Make reasonable and necessary repairs to protect the property; and
> **b.** Keep an accurate record of all repair expenses.
> **5.** Cooperate with us in the investigation of a claim;
> **6.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;
> **7.** As often as [Western World] reasonably require[s]:
> **a.** Show the damaged property;
> **b.** Provide [Western World] with records and documents [Western World] requests and permit [Western World] to make copies;
> **c.** Submit to separate examination under oath, while not in the presence of another "insured", and sign the same . . . .

Coverage may be limited or unavailable under the Policy to the extent Plaintiff has failed to comply with these provisions.

**TWENTY-SECOND DEFENSE**

Plaintiff has failed to submit satisfactory proof of covered damages.

**TWENTY-THIRD DEFENSE**

Plaintiff has failed to mitigate her damages.

**TWENTY-FOURTH DEFENSE**

Plaintiff has not complied with all requirements of the Policy.

**TWENTY-FIFTH DEFENSE**

Without admitting the application of the referenced statutory provisions to it, Western World avers that at all times it acted in good faith and in compliance with Louisiana law, including La. R.S. 22: 1892 and La. R.S. 22:1973. As a result, Western World asserts that it has satisfied all of its obligations under the Policy and the law and has no liability for damages in contract or tort, and no liability for bad faith, statutory or other penalties, or other punitive damages. Western World further avers that it had a reasonable basis for all actions it took in handling the claim at issue.

**TWENTY-SIXTH DEFENSE**

Without admitting the application of the referenced statutory provisions to it, Western World avers that Plaintiff's claims are barred, in whole or in part, to the extent that they failed to submit satisfactory proof of loss pursuant to La. R.S. 22:1892 and La. R.S. 22:1973 or otherwise comply with, trigger, or facilitate the statutory provisions.

**TWENTY-SEVENTH DEFENSE**

Western World reserves the right to amend its Answer and Affirmative Defenses.

**WHEREFORE**, Western World Insurance Company prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings, there be

judgment in favor of Western World Insurance Company and against Lashanda Brown, denying all claims, with prejudice, and for all other general and equitable relief to which Western World Insurance Company is entitled.

Respectfully submitted,

*/s/ Maryclaire M. Farrington*
Robert I. Siegel (Bar No. 12063)
J. Clark McMillan (Bar No. 35907)
Maryclaire M. Farrington (Bar No. 40766)
**GIEGER, LABORDE & LAPEROUSE, LLC**
701 Poydras St., Suite 4800
New Orleans, LA 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: *rsiegel@glllaw.com*
       *cmcmillan@glllaw.com*
       *mfarrington@glllaw.com*
**Attorneys for Western World Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2023, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record enrolled in the CM/ECF system.

*/s/ Maryclaire M. Farrington*
MARYCLAIRE M. FARRINGTON